PADOVANO, J.,
concurring.
I join in the decision to deny en banc review without comment on the merits of this case but write to express my view, once again, that the en banc rule should not be construed to authorize a non-panel judge to publish a dissent from an order denying an internal motion for a hearing en banc. As I have previously stated in Sturdivant v. State, 84 So.3d 1053 (Fla. 1st DCA 2010) (Padovano, J., concurring), I believe that the practice of publishing such an opinion undermines the state constitutional system of deciding cases by three-judge panels, enables judges to publicly prejudge issues that are not before them and causes significant harm to the eollegi-ality of the court.
Recently, a federal appellate judge suggested that the practice of issuing opinions on orders denying en banc review has become more entrenched in the law and that judges and lawyers should now refer to these opinions as “concurráis” and “dis-sentals.” See Alex Kozinski & James Burnham, I Say Dissental, You Say Concurral, 121 Yale L.J. Online 601 (2012). According to Judge Kozinski’s nomenclature, an opinion by a non-panel judge criticizing the court’s decision to deny en banc review would be known as a “dissental,” and an opinion written to explain why the en banc motion was denied, would be known as a “concurral.”
Whether these are good or bad terms is not for me to say. In my view, the significant fact is that someone found it necessary to invent a vocabulary for these opinions at all. It seems to me that the terms “concurral” and “dissental” are terms that were created out of whole cloth in an effort to lend an air of legitimacy to the practice of allowing commentary by judges who were not assigned to the case. But the practice is not legitimate in my view, and I do not think that it will become any more legitimate simply by giving it a name.
When an internal motion for an en banc hearing is denied, the case is no longer before the full court. The very point of an order denying a motion for an en banc hearing is to hold that the panel decision or the proposed panel decision will stand as the decision of the court and that it will not be open to further consideration by other members of the court. A judge who did not serve on the panel has no greater right to comment on the case at that point than he or she would have to comment on a panel decision that had not been the subject of an en banc motion.
To persist in disagreement to the point of publishing a grievance against the full court for refusing to take up the case undermines the authority of the court’s decision. Perhaps one could argue that a *750 judge should be allowed to explain why he or she believed that the ease really did present a question of great public importance. This argument has some appeal on the surface but it is not grounded in reality. Judges do not write these opinions because they want to make an argument about the procedural mechanism by which a case should be decided. That is a matter of very little interest to anyone. It would be more accurate to say that the procedural issue (whether the case should be heard by a panel or by the full court) is merely a vehicle that justifies the presentation of an opposing view on the merits of the issue decided by the panel.
As I mentioned in Sturdivant, the practice of writing opinions on orders denying en banc review is more prevalent in federal appellate courts than it is in Florida appellate courts. It is a practice that has been criticized by many respected federal appellate judges for more than fifty years. The most compelling of these criticisms are set out in the Sturdivant opinion. Since then, some federal appellate judges have continued to stand against the idea that a non-panel judge should be allowed to publish an opinion in a case in the face of an order denying en banc review. For example, in United States v. Shaygan, 676 F.3d 1287 (11th Cir.2012), Judge Pryor restated Judge Friendly’s view that a denial of a request for en banc review should be followed by silence, and that it should not be used as an opportunity to issue an advisory opinion, a request for review by a higher court or a press release.
The Florida courts should refrain from adopting the practice of the federal courts, not only because it is unwise, but also because our state court system is very different from the federal system. Nothing in the federal constitution addresses, much less limits, the way decisions are made in federal appellate courts. They are not created by, or even mentioned in, the United States Constitution. Article III, section 1 states, “The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.” Thus, the Constitution places no limit on the composition of the federal appeals courts or the number of judges that will be necessary for a decision in a case. The practice of publishing opinions on en banc orders in federal courts, as destructive as I believe it is, does not violate the Constitution.
In contrast, the authority of the district courts of appeal in Florida is derived directly from the state constitution. Article V, section 4(a) provides that “[tjhere shall be a district court of appeal serving each appellate district” and that “[e]ach district court of appeal shall consist of at least three judges.” Furthermore, the constitution expressly limits the way cases are decided in state appellate courts. Article V, section 4(a) goes on to state that “[t]hree judges shall consider each case,” and that “the concurrence of two shall be necessary to a decision.” This section leaves open the possibility that a district court of appeal may have more than three judges. However, it does not suggest that any of the other judges who happen to be serving on a district court of appeal may have a right to participate in a case. To the contrary, it states rather explicitly that the decision shall be made by the three judges who are assigned to the case.
We have an opportunity in the state courts to avoid the ill effects of the federal practice of publishing dissents from the denial of en banc motions and I believe that we should take advantage of that opportunity. Florida appellate judges should think about the harm we will do to our system of justice if we allow a judge who was not assigned to the panel to write an *751 opinion commenting on a case the full court has decided not to hear. That may be satisfying to the judge writing the opinion, but it is destructive to the mission of the judiciary as a whole.
I wish to make it clear that my objection goes more to the procedure that enables a judge to write an opinion from the denial of an en banc motion than it does to any particular judge who elects to employ that procedure. As I mentioned in Sturdivant, the First District Court of Appeal adopted a policy of allowing such opinions in 2008 after previously prohibiting them in 2006. I question the constitutionality of this policy for the reasons stated here and in the Sturdivant opinion, but I understand that a judge has a right to publish such an opinion, at least under the local procedures in effect in this court.
But this is not entirely about the rights of judges. We are here to do justice for the litigants, not to exercise our own rights. There are many .instances in which the rights of the litigants and the effectiveness of the judiciary as a whole are better served by the exercise of judicial restraint. No matter how tempted we might be, we should restrain ourselves from commenting on issues that are not before us, issues that are no longer before us, issues that are not material to the disposition of a case and, as is pertinent here, issues that our own court has decided not to consider.
For these reasons, and those set forth more fully in my concurring opinion in Sturdivant, I believe that judges should refrain from writing opinions on orders denying internal motions for en banc review. If an internal motion for en banc review is denied, the policy should be to list the vote of each judge without explanation.